# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVINA JOHNSON,**

    Plaintiff,

v.                                                        Case No. 19-CV-983

**KAREN BAUMHARDT,**

    Defendant.

## ORDER

On January 9, 2023, *pro se* plaintiff Davina Johnson filed a motion for leave to make corrections if she needs to on her response to the defendant's motion for summary judgment. She also requests the court order that the defendant be restricted from accessing her medical records and prescriptions to conduct medications pass. (ECF No. 72.)

Regarding her response materials, the court conducted a cursory review and they appear to be adequate. In other words, it does not appear that an amendment is necessary. If after the defendant files her reply, and Johnson feels that she needs to clarify her response materials, she may file a motion for leave to file a sur-reply. She should attach the sur-reply to her motion for leave.

Regarding her request that the court limit the defendant from conducting her medications pass and accessing her medical records and prescriptions, she needs to

file a grievance within the institution. The court cannot interfere with the day-to-day operations of a correctional institution. *See Scarveu v. Litscher*, 434 F.3d 972, 976-77 (7th Cir. 2006) (citing *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985)) ("Federal judges must always be circumspect in imposing their ideas about civilized and effective prison administration on state prison officials . . .; federal judges know little about the management of prisons, managerial judgment generally are the province of other branches of government than the judicial; and it is unseemly for federal courts to tell a state how to run its prison system." ).

**IT IS THEREFORE ORDERED** that Johnson's motion for restrictions and leave to amend (ECF No. 72) are **DENIED**.

Dated at Milwaukee, Wisconsin this 2nd day of February, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge